**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                                                      **No. 13-cv-0287 WJ/SMV**
                                                                                                  **03-cr-0568 WJ**

**GABRIEL DAVID GOMEZ,**

    **Defendant.**

**ORDER**

THIS MATTER is before the Court on Defendant's Motion to Correct Deficiency in Movant's Equitable Tolling Claim [CV Doc. 8; CR Doc. 660] ("Motion to Correct"), filed on April 15, 2013; Defendant's Motion for Clarification [CV Doc. 9; CR Doc. 661], filed on April 15, 2013; the United States' Motion to Strike Defendant's Response and Objections to Government's Motion to Dismiss [CV Doc. 24; CR Doc. 675] ("Motion to Strike"), filed on November 19, 2013; and on Defendant's Motion for Leave to Exceed Page Limits [CV Doc. 26; CR Doc. 677] ("Motion for Leave"), filed on December 10, 2013.  Defendant filed a response to the Motion to Strike [CV Doc. 25; CR Doc. 676] ("Response to the Motion to Strike") on December 10, 2013.  No other responses were filed.  Having reviewed the parties' submissions, the relevant law, and being otherwise fully advised in the premises, the Court FINDS that Defendant's Motion to Correct should be **GRANTED;** that Defendant's Motion for Clarification should be **DENIED as moot**; the United States' Motion to Strike should be **GRANTED**; and that Defendant's Motion for Leave should be **DENIED.**

## Background

On March 25, 2013, Defendant filed his motion to vacate under 28 U.S.C. § 2255 [CV Doc. 1; CR Doc. 653] as well as a 304-page memorandum in support [CV Doc. 2; CR Doc. 654]. On April 15, 2013, he moved to correct his § 2255 motion to include an additional 13 pages of argument on equitable tolling. [CV Doc. 8; CR Doc. 660]. Additionally, Defendant's Motion for Clarification requested the Court to hold the case in abeyance until June 4, 2013, so that Defendant could "file his substantive issues with all evidence supporting those claims . . . ." [CV Doc. 9; CR Doc. 661] at 2.

The United States moved to dismiss Defendant's § 2255 motion as untimely on July 22, 2013. [CV Doc. 16; CR Doc. 667]. On November 12, 2013, Defendant submitted a 371-page response [CV Doc. 23; CR Doc. 674] to the United States' motion to dismiss without first requesting leave to exceed the page limits. The United States now seeks to strike Defendant's response for failing to comply with the Court's page limits. [CV Doc. 24; CR Doc. 675] at 3. Defendant responded to the Motion to Strike with an additional 27 pages of documents. [CV Doc. 25; CR Doc. 676].

## Defendant's Motion to Correct and Motion for Clarification

Defendant's Motion to Correct is unopposed and shall be granted. Accordingly, the operative § 2255 motion in this case shall consist of [CV Docs. 1, 2, 8; CR Docs. 653, 654, 660].

Defendant's Motion for Clarification is moot and shall be denied. Defendant requested the case to be held in abeyance until June 4, 2013, so that he could present the Court with all of his substantive claims and evidence. However, Defendant has already been afforded all of the

time requested to submit additional documents in support of his § 2255 motion. Accordingly, his request is now moot and shall be denied.

### **The United States' Motion to Strike and Defendant's Motion for Leave**

The government seeks to strike Defendant's response to the motion to dismiss. That response includes 307 pages of argument on tolling, timeliness, and waiver; 50 pages of exhibits; and several pages of tables. Under D.N.M.LR-Civ. 7.5 and D.N.M.LR-Cr. 47.9, response briefs are limited to 24 double-spaced pages. Under D.N.M.LR-Civ. 10.5, no more than 50 pages of exhibits may be attached to a brief. Parties seeking to exceed these limits must request leave from the Court to do so.

In his subsequently filed Motion for Leave, Defendant seeks permission for his 371-page response to be filed on the record in its entirety. [CV Doc. 26; CR Doc. 677] at 8. He argues that it was necessary to exceed the page limits to correct misrepresentations by the government, *id.* at 5, that the government's motion "created a need for a vast and expansive evaluation of the record and history of this case, as well as citation to authority," [CV Doc. 25; CR Doc. 676] at 4, and that the interests of justice require waiver of the page limits pursuant to D.N.M.LR-Civ. 1.7, *id.* at 8. He further argues he should be allowed to remedy his defect simply by filing a motion for leave to exceed the page limits. *Id.* at 8.

In his response to the Motion to Strike, Defendant recognizes the authority of the Court to strike filings not in compliance with local rules. *Id.* at 7–8 ("a Court may 'choose to strike a filing that is not allowed by local rule . . .'" (quoting *Chavez v. Bd. of Cnty. Comm'rs of Sierra Cnty.*, No. 11-cv-1008 JB/LAM, 2012 WL 2175776, at *6 (D.N.M. May 30, 2012)

(unpublished))).  He also admits he violated D.N.M.LR-Civ. 7.5 by filing his 371-page response to the motion to dismiss.  *Id.* at 9.

Although Defendant has clearly taken great care in crafting and organizing his voluminous response to the government's motion to dismiss, the Court shall strike the response for failure to comply with the local rules.  Defendant has not demonstrated a need to exceed the Court's page limits in such drastic fashion.  For example, the table of contents attached to Defendant's response reveals that he included 17 pages of argument on the timeliness of the government's motion to dismiss.  Such arguments could have been presented in several brief sentences by raising the issue of timeliness and providing a citation to the appropriate legal authority.  Examination of other pages of Defendant's response reveals long block quotations of exhibits and legal authority.  Instead, he could have simply referred to the exhibits and cited the legal authority.

Additionally, Defendant has already presented the Court with over 50 pages of briefing on tolling in his memorandum in support of his § 2255 petition and in his Motion to Correct.  *See* [CV Docs. 2, 8; CR Doc. 654, 660].  He could have chosen to incorporate those arguments into his response to the motion to dismiss by reference.  Had Defendant endeavored to be succinct, he could have adequately presented his arguments within the page limits.

Defendant is forewarned that the Court will strike any future filings exceeding the page limits unless Defendant receives express permission from the Court to exceed the page limits **prior to filing** any such material.

### Conclusion

For the reasons set forth herein, the Court determines that Defendant's Motion to Correct should be **GRANTED;** that Defendant's Motion for Clarification should be **DENIED as moot**; the United States' Motion to Strike should be **GRANTED**; and that Defendant's Motion for Leave should be **DENIED.**

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendant's Motion to Correct Deficiency in Movant's Equitable Tolling Claim [CV Doc. 8; CR Doc. 660] is hereby **GRANTED.** The operative § 2255 motion shall now include [CV Docs. 1, 2, 8; CR Docs. 653, 654, 660].

**IT IS FURTHER ORDERED** that Defendant's Motion for Clarification [CV Doc. 9; CR Doc. 661] is **DENIED as moot.**

**IT IS FURTHER ORDERED** that the United States' Motion to Strike Defendant's Response and Objections to Government's Motion to Dismiss [CV Doc. 24; CR Doc. 675] is **GRANTED**. The Court strikes Defendant's Response and Objections to Government's Motion to Dismiss Movant's 28 U.S.C. § 2255 Motion [CV Doc. 23; CR Doc. 674] for noncompliance with D.N.M.LR-Civ. 7.5. Defendant shall, no later than **April 15, 2014**, file a new response **not exceeding 24 pages** to the government's motion to dismiss. Defendant's response must also comply with the requirements found in D.N.M.LR-Civ. 10.1 regarding page size, margins, minimum font size, and double spacing as well as the page limit on exhibits found in D.N.M.LR-Civ. 10.5.

**IT IS FURTHER ORDERED** that Defendant's Motion for Leave to Exceed Page Limits [CV Doc. 26; CR Doc. 677] is **DENIED**.

**IT IS FURTHER ORDERED** the United States may file a reply in accordance with D.N.M.LR-Civ. 7.5 no later than **May 13, 2014**.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**