IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.                                                     No. 13-cv-0287 WJ/SMV
                                                           03-cr-0568 WJ

GABRIEL DAVID GOMEZ,

    Defendant/Petitioner.

## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition [CV Doc. 58; CR Doc. 706] ("PF&RD"), issued on May 15, 2015. On reference by the undersigned, the Honorable Stephan M. Vidmar, United States Magistrate Judge, found Defendant/Petitioner Gabriel David Gomez's ("Petitioner") Motion under 28 U.S.C. § 2255 . . . [CV Docs. 1, 2, 8[1]; CR Docs. 653, 654, 660][2] to be time-barred. Judge Vidmar recommended denying Petitioner's § 2255 Motion, granting the Government's Motion to Dismiss [CV Doc. 16; CR Doc. 667], and dismissing the case with prejudice. On July 31, 2015, Petitioner filed a Motion to . . . Vacate Magistrate[ Judge]'s Order and Proposed Recommendations [CV Doc. 62; CR Doc. 710], which is construed as objections to the PF&RD.[3]

---

[1] Petitioner's operative § 2255 Motion consists of his motion to vacate under 28 U.S.C. § 2255 [CV Doc. 1; CR Doc. 653], a simultaneously-filed 304-page memorandum in support [CV Doc. 2; CR Doc. 654] consisting of 113 pages of briefing and 191 pages of exhibits, and his Motion to Correct [CV Doc. 8; CR Doc. 660], filed on April 15, 2013. [CV Doc. 29; CR Doc. 678].

[2] References that begin with "CV" are to case number 13-cv-0287 WJ/SMV. References that begin with "CR" are to the underlying criminal case, 03-cr-0568 WJ.

[3] Petitioner's filing also asks that the Court strike the Government's Motion to Dismiss [CV Doc. 16], the Government's Motion to Strike [CV Doc. 24], AUSA Brian McKay's Notice of Substitution of Counsel [CV

In his filing, Petitioner requests a hearing. [CV Doc. 62] at 15. The Court, being fully advised in the premises, will OVERRULE the objections, DENY Petitioner's request for a hearing,[4] ADOPT the PF&RD, DENY the § 2255 Motion, GRANT the Government's Motion to Dismiss, DENY AS MOOT all other pending requests, and DISMISS the action with prejudice.

## Background

On March 25, 2003, Petitioner and five others were named in a 68-count indictment charging them with money laundering and marijuana distribution. [CR Doc. 1]. A superseding indictment was issued on June 25, 2003. [CR Doc. 86]. The superseding indictment charged Petitioner with one count of conspiracy to distribute more than 1,000 kilograms of marijuana (Count 1), in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A); fifty-three counts of money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) (Counts 2–29) and 18 U.S.C. § 1957 (Counts 30–54), and aiding and abetting of the same for each count, in violation of 18 U.S.C. § 2; and one count of criminal forfeiture, pursuant to 21 U.S.C. § 853 (Count 68).

On January 29, 2004, Petitioner pleaded guilty before the Court to one count of conspiracy to distribute more than 1,000 kilograms of marijuana and 53 counts of money laundering. Clerk's Minutes [CR Doc. 343]; Judgment [CR Doc. 500]. Petitioner had not entered into a written plea agreement with the Government prior to his entry of a guilty plea. [CV Doc. 16] at 2.

---

Doc. 15]; AUSA Brian McKay's Notice of Appearance [CR Doc. 672]; that the Court order the Government to show cause why the filings should not be struck; and that the Court vacate Judge Vidmar's March 13, 2014 Order [CV Doc. 29; CR Doc. 678].

[4] The issue before the Court is the timeliness of Petitioner's § 2255 Motion. Because this issue can be resolved on the record, an evidentiary hearing is unnecessary. *See Anderson v. Attorney Gen. of Kan.*, 425 F.3d 853, 858−59 (10th Cir. 2005) (where a petition can be resolved on the record, an evidentiary hearing is unnecessary).

The Court held a sentencing hearing on May 19, 2005.  Clerk's Minutes [CR Doc. 497]. Under the Federal Sentencing Guidelines, Petitioner's offense level corresponded to life in prison. *United States v. Gomez*, 208 F. App'x 643, 645 (10th Cir. 2006).  The Court varied downward based on the factors found in 18 U.S.C. § 3553(a) and imposed a sentence of 360 months' (30 years') imprisonment.  *Id.*

Petitioner appealed to the Tenth Circuit, alleging various errors during sentencing.  *Id.* at 644–45.  The Tenth Circuit affirmed the judgment and sentence on December 12, 2006.  *See id.* at 646.  Petitioner did not file a petition for writ of certiorari to the Supreme Court.

In March, 2007, Petitioner hired attorney Jason Bowles to assist with "a possible cooperation agreement with the government."  [CV Doc. 2] at 5.  Petitioner hoped that Mr. Bowles would help him obtain a reduced sentence through a motion under Federal Rule of Criminal Procedure 35(b).  Petitioner's Affidavit [CV Doc. 2-6] at 8.  Petitioner alleges that Mr. Bowles and his associate, B.J. Crow, delayed submitting his proffer materials.  *Id.* at 14; [CV Doc. 2] at 14.  Petitioner claims that Mr. Bowles submitted a proffer letter to the U.S. Attorney's Office on his behalf in October, 2007.  [CV Doc. 1] at 12.  However, Petitioner claims that the proffer letter was "defective" for reasons he does not explain.  *Id.*  Petitioner alleges that he submitted information to Mr. Bowles and Mr. Crow "[b]etween April and May of 2008" to support a second attempt to proffer.  *Id.*  It is unclear what came of Petitioner's second proffer attempt.  However, no motion under Rule 35(b) was ever filed in this Court, and Petitioner does not allege otherwise.

On August 22, 2008, Petitioner notified Mr. Bowles via letter that he wished to terminate Mr. Bowles's representation. [CV Doc. 2-3] at 1, 2. Mr. Bowles wrote back on September 2, 2008, stating that his firm would formally withdraw from any further representation. *Id.* at 2.

Petitioner then began a misguided attempt to secure a reduced sentence himself by complaining to the U.S. Attorney's Office. In January of 2009, Petitioner submitted a cover letter and 132-page narrative (collectively, "ethics letter") to the U.S. Attorney's Office. [CV Doc. 2] at 6; [CR Doc. 667] at 4; *see* [CV Doc. 2-6] at 23. In the years that followed, Petitioner made numerous attempts to follow-up on the ethics letter. [CV Doc. 2] at 13–23. On multiple occasions, Petitioner received notice that his ethics letter would neither result in a reduced sentence nor stand in the way of a motion under § 2255. [CV Doc. 2-3] at 8 (email from Petitioner to his grandmother dated June 29, 2010); *see* [CV Doc. 2] at 19–20. Regardless, he continued his futile efforts to seek recourse via the ethics letter. Finally, in June of 2012, after numerous attempts and years of receiving no response, he abandoned his attempts to follow-up on the ethics letter. [CV Doc. 2] at 23; *see* [CV Doc. 2-4] at 19–22 (letter to Ann Scheel, Acting U.S. Attorney for the District of Arizona, dated June 4, 2012).

Petitioner, proceeding pro se, filed his § 2255 Motion [CV Doc. 1] and memorandum in support [CV Doc. 2] on May 25, 2013. Petitioner asserts ten grounds for relief, including ineffective assistance of counsel (Ground 1), pleading guilty as a result of "duress and coercion" (Ground 9), a void indictment (Ground 5), and various grounds based on the Court's alleged errors during sentencing. [CV Doc. 2] at 47 (providing a complete list of Petitioner's grounds for relief). The Government moved to dismiss Petitioner's § 2255 Motion as untimely.[5]

---

[5] Anticipating the timeliness issue, Petitioner devotes much of his § 2255 Motion to his arguments on timeliness. *See* [CV Doc. 1] at 12; [CV Doc 2] at 3–46.

[CV Doc. 16; CR Doc. 667]. Petitioner did not file a response that complied with the local rules.[6]

Judge Vidmar issued his PF&RD on May 15, 2015, recommending that the Government's Motion to Dismiss be granted, that Petitioner's § 2255 Motion be denied, and that this habeas proceeding be dismissed with prejudice. [CV Doc. 58; CR Doc. 706]. After being granted an extension of time to file objections, Petitioner filed a Motion to Strike Government's Filings, and Vacate Magistrate's Order and Proposed Recommendations [CV Doc. 62] on July 31, 2015. The July 31, 2015 filing requests, *inter alia*, that the Court vacate Judge Vidmar's PF&RD. The Court construes Petitioner's request as objections to the PF&RD.[7]

## Standard of Review for Objections to Magistrate Judge's Recommendations

A district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which is objection is made." 28 U.S.C.

---

[6] Petitioner submitted a 371-page response [CV Doc. 23; CR Doc. 674] on November 12, 2013. Judge Vidmar struck the response for failure to comply with the page limits in the local rules, [CV Doc. 29; CR Doc. 678]. Petitioner objected. [CV Doc. 34; CR Doc. 683]. On January 28, 2015, the Court overruled his objections and granted Petitioner 30 days to file an amended response in compliance with the local rules. [CV Doc. 45; CR Doc. 693]. Petitioner appealed to the Tenth Circuit. The Tenth Circuit dismissed Petitioner's appeal on February 24, 2015, [CV Doc. 51; CR Doc. 699], and subsequently denied his petition for mandamus on March 18, 2015, [CV Doc. 53; CR Doc. 701]. On March 26, 2015, the Court sua sponte allowed Petitioner 30 days to file an amended response in compliance with the local rules, as Petitioner's previous deadline had lapsed while the matter was on appeal. [CV Doc. 54; CR Doc. 702]. Petitioner never filed an amended response in compliance with the local rules. Instead, he filed a "notice" that he would like the Tenth Circuit to stay the case in district court and to disqualify all of the judges in the District of New Mexico. [CV Doc. 57]. Judge Vidmar found that his "notice" did not stay the case. [CV Doc. 58] at 1–2 n.3. Though Petitioner has filed no response in compliance with the local rules, he has argued the timeliness of his § 2255 Motion *ad nauseam*: his § 2255 Motion includes almost 50 pages of arguments, plus numerous exhibits, in support of the motion's timeliness.

[7] On June 3, 2015, apparently attempting again to delay the proceedings, Petitioner filed another "notice" that he would like the Tenth Circuit to stay the case in district court and disqualify all of the judges in the District of New Mexico. [CV Doc. 61]; *see* [CV Doc. 61-2] (attached "Petition for a Stay of Proceedings Pending the Filing and Disposition of a Motion to Recall and Vacate/Stay Mandates, Motion to Disqualify, and a Motion to Unseal Appeal" purportedly filed in the circuit court). Although Petitioner alleges that he filed his "Petition" in the circuit court, the docket does not support this allegation. The intended "Petition" does not ask the Tenth Circuit to review an order by this Court, nor does it request that the Tenth Circuit rule on any request pending before this Court. Accordingly, the Court finds that the "notice" [CV Doc. 61] is frivolous and dilatory, and—like Petitioner's prior "notice" [CV Doc. 57]—it does not stay the present habeas proceedings.

§ 636(b)(1). "[O]bjections to the magistrate judge's report must be both timely and specific to preserve an issue for de novo review by the district court[.]" *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

### Statute of Limitations for 28 U.S.C. § 2255 Habeas Petitions

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for bringing habeas petitions pursuant to 28 U.S.C. § 2255. 28 U.S.C. § 2255(f); *see United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003). That time period begins to run from the date on which the judgment of conviction became final. § 2255(f)(1). Alternatively, the time begins to run from the date on which a government-created impediment to filing was removed, § 2255(f)(2); the date on which the constitutional right asserted was initially recognized by the Supreme Court, § 2255(f)(3); or the date the factual predicate of the claim presented could have been discovered through the exercise of due diligence, § 2255(f)(4).

The one-year period may be equitably tolled "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *United States v. Gabaldon*, 522 F.3d 1121, 1124 (10th Cir. 2008) (quoting *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)) (applying the equitable tolling principles to § 2255 petitions).

The statute of limitations applies on a claim-by-claim basis. *Prendergast v. Clements*, 699 F.3d 1182, 1186 (10th Cir. 2012) (adopting the Third Circuit's claim-by-claim approach to statute of limitations arguments in the context of petition under 28 U.S.C. § 2254) (citing *Fielder*

*v. Varner*, 379 F.3d 113 (3d Cir. 2004)).  Accordingly, arguments as to the timeliness of one discrete claim in a motion under § 2255 do not automatically apply to other claims.  *See id.*

### Analysis

Judge Vidmar reviewed Petitioner's voluminous § 2255 Motion and found it to be untimely.  *See generally* [CV Doc. 58].  He found that the limitations period began when Petitioner's judgment of conviction became final on March 12, 2007.  *Id.* at 7–11 (applying § 2255(f)).  Judge Vidmar found no alternative trigger-date for the running of the limitations period to apply in Petitioner's case.  *Id.*  He further found that equitable tolling does not apply.  *Id.* at 11–13.  Accordingly, Judge Vidmar found that AEDPA's one-year limitations period expired on March 12, 2008, and that Petitioner filed his § 2255 Motion more than five years late.  *Id.* at 7.  Ultimately, he found the § 2255 Motion to be time-barred and recommended that the case be dismissed.  *Id.* at 13.

Petitioner objects to the PF&RD on the ground that the Government's Motion to Dismiss [CV Doc. 16; CR Doc. 667] is invalid and cannot serve as the basis for Judge Vidmar's PF&RD. [CV Doc. 62] at 12–13.  Petitioner argues that Assistant United States Attorney Brian McKay, who filed the Government's Motion to Dismiss, had no legal authority to file the motion—or anything else in the case—because he was not properly an attorney in the habeas proceeding. [CV Doc. 62] at 8–9, 11–13.  Accordingly, he argues, Judge Vidmar "could not legally entertain and grant or recommend granting motions that are not legally before the Court. . . [including] the [G]overnment's unlawfully filed Motion to Dismiss."  *Id.* at 12.  Petitioner further contends that the Government waived the defense of untimeliness by failing to properly raise the issue in a valid filing.  *Id.* at 12–13.

Petitioner's objections are overruled as irrelevant. The issue before the Court is whether Petitioner's § 2255 Motion was timely filed. Mr. McKay's status in this case is completely irrelevant to this determination. The Government's Motion to Dismiss did raise the issue of timeliness; however, Judge Vidmar's findings and recommended disposition did not *rely* on anything Mr. McKay filed. Rather, the findings and recommended disposition are based on Petitioner's own allegations from the § 2255 Motion. Mr. McKay's status is completely irrelevant to the timeliness of this proceeding, and Petitioner's objections are overruled.

Moreover, the Court has reviewed Petitioner's § 2255 Motion and finds that it is, in fact, untimely. The limitations period began on March 12, 2007, when Petitioner's judgment of conviction became final. *See* § 2255(f); *United States v. Burch*, 202 F.3d 1274, 1276 (10th Cir. 2000) (judgment of conviction becomes final on the expiration of time for seeking certiorari review). No alternative start-date for the statute of limitations applies. Under AEDPA, the one-year limitations period expired on March 12, 2008. Petitioner did not file his § 2255 Motion until March 25, 2013—more than five years late.

In his § 2255 Motion, Petitioner doggedly argued that his habeas petition should be considered timely because he had initiated a review of his ethics letter with the U.S. Attorney's Office in January of 2009. He reasoned that, because he did not abandon the ethics letter until June of 2012 (when the last of his numerous follow-up attempts went unanswered), the one-year statute of limitations began to run at that time. The Court is not persuaded. The ethics letter and the circumstances surrounding it are irrelevant to the AEDPA statute of limitations because Petitioner sent the ethics letter long after the statute of limitations had expired. Accordingly, Petitioner's § 2255 Motion is time-barred.

In his objections, Petitioner offers nothing to show that his § 2255 Motion was timely filed. His only objections, discussed above, are completely irrelevant to the issue of timeliness. The Court will adopt the PF&RD and dismiss this habeas proceeding for untimeliness.

### Conclusion

**IT IS THEREFORE ORDERED** that Petitioner's objections, *see* [CV Doc. 62; CR Doc. 710], are **OVERRULED**, and his request for a hearing is **DENIED**;

**IT IS FURTHER ORDERED** that the Government's Motion to Dismiss [CV Doc. 16; CR Doc. 667] is **GRANTED**, Petitioner's § 2255 Motion [CV Docs. 1, 2, 8; CR Docs. 653, 654, 660] is **DENIED**, and Petitioner's habeas proceeding is **DISMISSED with prejudice**;

**IT IS FURTHER ORDERED** that the Clerk send to Petitioner a copy of the Government's Motion to Dismiss [CV Doc. 16], as Petitioner indicates that he does not have a copy of this filing and implicitly requests one.[8]

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**

---

[8] Petitioner states that he "made discoveries on or about April 6, 2015 that CV Doc. 16 is still missing from the docket," [CV Doc. 62] at 9–10, and indicates that he has not received the filing. The document at issue is the Government's Motion to Dismiss [CV Doc. 16]. The Motion to Dismiss was filed in both the civil case as [CV Doc. 16] and in the underlying criminal case as [CR Doc. 667]. Petitioner received a copy of the Motion to Dismiss in receiving [CR Doc. 667]. Petitioner responded to the Motion to Dismiss, though the response was ultimately struck. [CV Doc. 23; CR Doc. 674] (Petitioner's response, struck by [CV Doc. 29; CR Doc. 678]). But it appears that Petitioner did not receive a copy of the attached 4-page Declaration by AUSA Jane McLaughlin [CV Doc. 16-1], which was apparently not filed as an attachment to the Motion to Dismiss in the underlying criminal case. However, Judge Vidmar's proposed findings do not rely on the Declaration [CV Doc. 16-1], and neither does the Court's present Order. The Court orders that [CV Doc. 16] and the attached Declaration [CV Doc. 16-1] be sent to Petitioner, but notes that nothing contained in the Declaration [CV Doc. 16-1] affects the Court's decision here.